**UNITED STATES of America, Appellee,**

v.

**Johnny Knox DORSETT, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**James Riley FORTNER, Appellant.**

**Nos. 75–1362, 75–1363.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1975.

Decided June 18, 1976.

ness premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employ-

ment shall not be determinative of whether the meals or lodging are intended as compensation.

**2.** Five other judges of the United States Tax Court agreed with Judge Sterrett's dissenting opinion.

John M. Rollins, Greer, S.C. [court-appointed counsel], for appellant in No. 75–1362.

William D. Richardson, Greenville, S.C. [court-appointed counsel], for appellant in No. 75–1363.

Donald A. Harper, Asst. U. S. Atty., Greenville, S.C. (Mark W. Buyck, Jr., U. S. Atty., Columbia, S.C., on brief), for appellee.

Before BUTZNER and WIDENER, Circuit Judges, MERHIGE, District Judge.*

WIDENER, Circuit Judge:

The defendants, Dorsett and Fortner, were convicted on one count of conspiring to pass, utter, sell, transfer, deliver, and receive counterfeit $20 reserve notes in violation of Title 18 U.S.C. §§ 371, 472, and 473, and on another count of receiving certain counterfeit $20 federal reserve notes with the intent that the same be passed, published, and used as true and genuine, in violation of Title 18 U.S.C. §§ 472 and 473.

On appeal, they both raise the questions that the district court erred by failing to sever their trials and try each separately; by allowing the confession of Dorsett to be read to the jury; by allowing the name of, and references to, one Parris to remain in their confessions which were read to the jury; by admitting into evidence a conversation between Parris, Secret Service Agent Melvin, and the defendant Fortner; in that the evidence is insufficient to support the verdict; and in that the court had no jurisdiction. In addition, Fortner contends his confession was involuntary and that a lay person was allowed to give expert testimony as to whether a certain bill was counterfeit.

Fortner's contention that his confession was involuntary is based on a claim that he had been taking self-administered narcotics and, since under their influence, that statement was not voluntary. He further claims that promises were made to him by the Secret Service Agent involved in taking the confession which also made the statement involuntary. A suppression hearing was held at which oral evidence was taken fully exploring the contentions, after which the district judge found that the statement was voluntary. We are of opinion the evidence supports the finding of the district judge and there was no error in allowing the confession to be considered by the jury which also had submitted to it the issue of voluntariness, the jury being instructed that unless they believed it was voluntary beyond a reasonable doubt they should disregard it entirely.

Claim is made that one Woodward, a restaurant manager, was allowed to give his opinion that a $20 bill was counterfeit, without first qualifying as an expert on counterfeit money. Woodward testified that when Fortner attempted to pass the bill, he (Woodward) refused to accept the bill and told Fortner it was probably counterfeit, pointing out to Fortner obvious discrepancies in the printing apparent to any layman. We are of opinion this evidence is admissible against Fortner to show guilty knowledge if for no other reason. In addition, Woodward's other testimony is admissible because he only described the similarities between Fortner's bill and a known counterfeit note and expressed no conclusion as to its validity other than in the conversation with Fortner which was not objected to (an objection would have been without merit), which was then explored on cross-examination.

The motion to sever was made because each of the defendants had signed

---

* District Judge for the Eastern District of Virginia, sitting by designation.

confessions involving not only themselves but one Parris. The district court, together with the attorneys, went through the confession and removed from each all mention of the other defendant. Since the use of the confessions, after mention of the other defendant's name had been removed, did not result in attributing to the defendant whose confession was not being used any implication in the crime, we are of opinion the rule of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), does not require severance. Cf. *United States v. Truslow,* 530 F.2d 257 (4th Cir. 1975). Severance is within the sound discretion of the district court, and we do not think it abused here. *United States v. Frazier,* 394 F.2d 258 (4th Cir. 1968).

 The complaint made with respect to the confession of Dorsett is that it includes the name of Parris, an indicted co-conspirator who had died prior to the trial. We note, incidentally, that Fortner's statement also involves Parris. The defendants, in their confessions, each recited they had met with Parris at the 500 Truck Stop in Charlotte; that Parris had delivered $1100 in counterfeit $20 federal reserve notes for $325 (or $300) at the I-85 Truck Stop in Gaffney; that both had purchased counterfeit $20 bills from Parris at the 8-Days Inn in Charlotte. The involvement of Parris as shown by these statements concerning the same criminal activities of both of the defendants is no reason to exclude the statement from evidence. Neither defendant's statement read into evidence involves the other, and the fact that they are describing the same criminal activity does not make them inadmissible. *Catanzaro v. Mancusi,* 404 F.2d 296 (2d Cir. 1968), cert. den. 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970); *Slawek v. United States,* 413 F.2d 957 (8th Cir. 1969). The jury was instructed that the statement of each defendant was to be considered, if at all, against the person making it.

 Melvin, the Secret Service Agent, had secured the cooperation of the defendant Fortner, and together they went to the Southern 500 Truck Stop in Charlotte, where they met Parris. The three of them engaged in a conversation in which Parris offered to sell Melvin $1000 in counterfeit $20 notes. As a part of the conversation, Parris said to Fortner, "Well, why don't we just handle it the same way we handled it before with Johnny and you?" "Johnny" referred to Dorsett and "you" referred to Fortner. Fortner then said to Parris, "Well, do you want to handle it down at the truck stop?" To this Parris replied, "Yes, we'll handle it down at the I-85 Truck Stop in Gaffney, South Carolina."

The conversation between Parris, the defendant Fortner, and Melvin was admissible against Fortner because he was present and was a party to the conversation. The conversation is admissible as an admission against Fortner not because it was an accusation of serious crime not denied (Fortner might have destroyed his cover as an informer if he did, see IV *Wigmore on Evidence,* Chadbourn Rev. 1972, p. 117), but because the statement of Parris might be taken as true because it was in a conversation at least jointly initiated by Fortner, in which he took part, and if Parris' reply contained any significant untrue facts, Fortner would have been expected to correct them. " . . . [T]he conduct of a party in acting upon a statement submitted by another may as clearly indicate truth as if it had been originally made by the party himself." Morgan, *Basic Problems of Evidence,* ALI-ABA (1954), Vol. 2, p. 233.

Dorsett claims Parris' statement is inadmissible as to him as hearsay. We do not agree. Although Fortner may have been removed from the conspiracy by that time, having been cooperating with the government, Parris and Dorsett were still members of it, so a statement by Parris implicating Dorsett was admissible as a statement by one conspirator during the existence of the conspiracy and in furtherance of the common design. *United States v. Sapperstein,* 312 F.2d 694 (4th Cir. 1963); see *United States v. Vaught,* 485 F.2d 320, 323 (4th Cir. 1973).

 We are further of opinion that the evidence supports the verdict, and that the

district court had jurisdiction to try the case because at least one of the overt acts proved in furtherance of the conspiracy was performed in South Carolina. *Hyde v. United States,* 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912).

The judgment of the district court is accordingly

*AFFIRMED.*