UNITED STATES of America, Appellee,

v.

Rudolph Condary BAKER, Appellant.

UNITED STATES of America, Appellee,

v.

Wilbur Robin PRIDGEN, Appellant.

UNITED STATES of America, Appellee,

v.

Wilbur Robin PRIDGEN, Appellant.

Nos. 79–5167 to 79–5169.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1980.

Decided March 27, 1980.

David P. Ford, Shallotte, N. C. (John R. Hughes, Shallotte, N. C., on brief), John E. Clark, Wilson, N. C. (J. Russell Kirby, Wilson, N. C., on brief), Perry Martin, Rich Square, N. C., for appellant.

Jack B. Crawley, Jr., Sp. Asst. U. S. Atty., Raleigh, N. C. (George M. Anderson, U. S. Atty., Raleigh, N. C., Laura A. Lipsitz, Third Year Law Student on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and JONES,*

* Honorable Shirley B. Jones, United States District Judge for the District of Maryland, sitting by designation.

District Judge.

HAYNSWORTH, Chief Judge:

Pridgen, the Sheriff of Wilson County, North Carolina, was convicted of violating the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1961 *et seq.*, by arranging for the payment of bribes in return for protecting houses of prostitution from criminal investigation. He was also convicted, together with Baker, the operator of one of the houses of prostitution, of conspiring to violate the RICO legislation. In addition, Pridgen was found guilty of six violations of the federal tax laws. Pridgen and Baker appealed, and we affirm.

The statute, 18 U.S.C. § 1962(c), makes it unlawful for persons associated with an "enterprise" affecting interstate commerce to conduct its affairs through a pattern of racketeering. "Enterprise" is defined at 18 U.S.C. § 1961(4) as including

> any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

Defendants' principal contention is that this definition was not meant to include a public entity such as the Wilson County Sheriff's Department. The overwhelming weight of authority, however, supports a contrary conclusion.[1] Indeed, the sole case cited for support of defendants' position is *United States v. Mandel*, 415 F.Supp. 997 (D.Md.1976), which held that the state of Maryland was not an enterprise under RICO. The court in that case determined that the overriding concern of the RICO legislation was to combat the infiltration of organized crime into private commercial life. While the correctness of that court's holding is not before us, since this case does not address the status of a state under RICO, we are constrained to disagree with the *Mandel* court's implication that all public entities are beyond the purview of the statute.

On its face, the definition contained in § 1961(4) makes no differentiation between public and private individuals, entities or groups. Under its terms, the Wilson County Sheriff's Department clearly qualifies as either a "legal entity" or a "group of individuals associated in fact." Nothing in the legislative history counsels that the statute was intended to apply only to private enterprises.

The legislative history makes it quite clear that Congress intended RICO to be a potent tool in halting the infiltration of organized crime into the American economy. As the Third Circuit has noted, there is no reason to believe that Congress intended to exclude from protection that large portion of the economy made up of transactions by public agencies. *United States v. Frumento, supra,* note 1, 563 F.2d at 1091.

Moreover, Congress made the specific finding that organized crime threatened to "subvert and corrupt our democratic processes." We think that this finding evinces a concern with the infiltration of organized crime into the public sector. Finding nothing to the contrary in either the legislative history or the statute, we hold that the Wilson County Sheriff's Department is an "enterprise" under 18 U.S.C. § 1961(4).

We have examined each of the defendants' remaining contentions, and find no merit in any of them.

*AFFIRMED.*

---

1. *See United States v. Grzywacz*, 603 F.2d 682 (7th Cir. 1979) (city police department is an enterprise under RICO); *United States v. Frumento*, 563 F.2d 1083 (3d Cir. 1977) (state Bureau of Cigarette and Beverage Taxes is an enterprise under RICO); *United States v. Brown*, 555 F.2d 407 (5th Cir. 1977) (city police department is an enterprise under RICO).