**UNITED STATES of America, Appellee,**

v.

**Constantine "Gus" KARAS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Joseph Nicholas PECORA, Appellant.**

**Nos. 79–5311, 79–5320.**

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1980.

Decided July 1, 1980.

---

**9.** 12 C.F.R. § 546.4.

John L. Doherty, Pittsburgh, Pa. (Manifesto, Doherty, Love & Talarico, Pittsburgh, Pa., on brief), for appellant Pecora.

Thomas A. Livingston, Pittsburgh, Pa. (Dennis J. Clark, Livingston, Miller, O'Mallery & Clark, Pittsburgh, Pa., on brief), for appellant Karas.

William A. Kolibash, Asst. U. S. Atty., Wheeling, W. Va. (Stephen G. Jory, U. S. Atty., Wheeling, W. Va., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

K. K. HALL, Circuit Judge:

Constantine "Gus" Karas and Joseph N. Pecora appeal from their respective convictions of violating the Racketeer Influenced and Corrupt Organizations Act [RICO Act], 18 U.S.C. § 1962(d). Both men were charged with participating in a conspiracy to bribe county law enforcement officials in order to conduct illegal gambling activities. The government's evidence, gathered over a two-year period by state and federal officials, consisted primarily of the sheriff's testimony and numerous taped conversations between the sheriff and various members of the conspiracy, including Karas and Pecora. After a five-day trial, the jury returned guilty verdicts against both men. After the district court denied their posttrial motions, Karas and Pecora noted several assignments of error. Finding no error, we affirm the convictions.

## I. Joint Assignments of Error

█ Both Karas and Pecora allege that the district court committed error by: (1) giving an improper jury charge on the issue of entrapment; (2) giving an incorrect jury charge pertaining to the conspiracy element of § 1962(d); (3) failing to grant the motion to sever their trials; and (4) failing to rule that the evidence was insufficient to sustain the verdicts. Appellants argue that a proper entrapment instruction would require the government to show that both men were already predisposed to commit the acts of bribery and gambling underlying the RICO Act violation. Counsel contends that no such predisposition was established at trial [1] and that the entrapment instruction given was overly broad and fatally vague. When read in its entirety,[2] the charge clearly informed the jury to apply the law of entrapment to the charge in the indictment, which was conspiracy to violate the RICO Act, not violations of bribery and gambling statutes. Appellants' contention to the contrary is without merit.

█ Karas and Pecora also challenge the propriety of the conspiracy instruction. Their main objection is that the trial judge erroneously charged the jury as to a conspiracy under 18 U.S.C. § 371, which re-

quires only one overt act, rather than § 1962(d), which requires two racketeering activities. *United States v. Elliott*, 571 F.2d 880 (5th Cir. 1977), and *United States v. Campanale*, 518 F.2d 352 (9th Cir. 1975), mandate at least two predicate offenses to establish a conspiracy under § 1962(d). The district court did give a general conspiracy charge, similar to that under § 371, requiring only one overt act. However, the trial judge further instructed the jury that the appellants could not be convicted under § 1962(d) unless the purpose of the conspiracy was to violate the RICO Act and that at least two racketeering acts had occurred.[3] Viewing the overall conspiracy charge, there is no reason to believe that the jury was misled regarding the requirement of at least two predicate offenses to find a violation under § 1962(d).

Appellants next argue that the district court abused its discretion by failing to grant a severance of their trials. They allege substantial prejudice by the refusal of the trial court to grant any of the motions for severance under Rule 14 of the Federal Rules of Criminal Procedure. Appellants urge that their joint trial improperly allowed the jury to consider evidence inculpatory to one defendant as pertaining to both of the accused.

---

1. Karas asserts that he was entitled to a defense of entrapment as a matter of law. In view of the factual dispute regarding this issue, the trial court properly submitted it to the jury for resolution.

2. The trial court instructed the jury as follows:
   If, then, the jury should find beyond a reasonable doubt from the evidence in this case, that before anything at all occurred respecting the alleged offense involved in this case, the defendants were ready and willing to commit the *crime charged in the indictment*, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then the jury should find that the defendants are not victims of entrapment.
   On the other hand, if the evidence indicates and should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit *any offense of the character here charged*, and did so only because they were induced or persuaded

by some officer or agent of the government, then it is your duty to acquit them. (Emphasis supplied)

3. The specific instructions provide, in part, that:
   The defendant, or any of them, may not be convicted simply because they engaged in a conspiracy. The prosecution must show beyond a reasonable doubt that the predominate purpose of the conspiracy was *to violate* Title 18, United States Code, Section 1962(c).

   . . .

   \* \* \* \* \* \*

   Third: that at least two acts of racketeering activity occurred . . . and that the acts were connected with each other by some common scheme, plan, or motive. . . .
   Fourth: that through the proposed commission of two or more connected acts the defendants *would conduct or participate in* the conduct of the enterprise.

■ Both Karas and Pecora were indicted together[4] based upon their interrelated illegal activities. Absent a prejudicial effect, persons indicted together may generally be tried together. *United States v. Shuford*, 454 F.2d 772 (4th Cir. 1971). The appellants have failed to show that the denial of their motions for severance deprived them of a fair trial. *United States v. Mandel*, 415 F.Supp. 1033 (D.Md.1976), *vacated on other grounds*, 591 F.2d 1347 (4th Cir. 1979), *conviction aff'd en banc* 602 F.2d 653 (4th Cir. 1979). Rather, the district court's instructions were calculated to ensure that the jury considered the evidence only as to the defendant against whom it was admitted. We do not think that the trial court abused its discretion in denying the motions for severance. *See, United States v. Dorsett*, 544 F.2d 687 (4th Cir. 1976).

■ The last joint assignment of error challenges the sufficiency of the evidence underlying the convictions. Pecora contends that the evidence failed to show that he engaged in a pattern of racketeering activity; i. e., commission of at least two of the acts outlined in § 1961(5). He admits to making only one bribe and argues that two other bribes, allegedly made by other defendants in his behalf, would at the most only constitute installments of one overall bribe. We follow the reasoning of other federal courts in rejecting this installment approach to bribery cases. *E. g., United States v. Anderson*, 509 F.2d 312 (2d Cir. 1974); *United States v. Alaimo*, 297 F.2d 604 (3rd Cir. 1961).

■ Karas and Pecora also urge that the RICO statute is not applicable to the allegedly illegal activities because there was no "enterprise" or impact on interstate commerce regarding the bribery and misuse of the offices of the county law enforcement officials. We have already rejected similar arguments regarding the scope of the RICO statute in *United States v. Whitehead*, 618 F.2d 523 (4th Cir. 1980), and *United States v. Altomare*, —— F.2d ——, No. 79–5146 (4th Cir. June 17, 1980).[5]

## II. Karas' Assignments of Error

In addition to the above issues, appellant Karas raises two others: (1) whether the trial court erred by admitting evidence of other illegal activity, as well as evidence regarding monies seized from unindicted persons; and (2) whether the court should have allowed Karas to testify under a grant of immunity given in a previous case.

■ Karas contends that the playing of a taped conversation in which he admitted to bribing local police officers was irrelevant to the charged offense and was so prejudicial as to outweigh its probative value. We believe the trial court balanced the possible prejudicial effect against the relevancy of the evidence and properly admitted it to show Karas' predisposition to commit the charged offense in view of the defense of entrapment. Such a decision is in accord with *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); and *United States v. Koska*, 443 F.2d 1167 (2d Cir.), *cert. den.*, 404 U.S. 852, 92 S.Ct. 92, 30 L.Ed.2d 92 (1971). Moreover, this evidence would also be properly admitted for the purpose of showing a furtherance of the challenged conspiracy under Rule 801(d)(2)(E), Federal Rules of Evidence.

---

4. The federal grand jury indicted several persons for violating the RICO statute in connection with the alleged bribery and gambling activities in Hancock County, West Virginia. Before trial, the trials of the remaining defendants were severed from that of Karas and Pecora due to the anticipated complexity of the testimony and to minimize any possible prejudicial effect which inculpatory evidence admitted against one defendant may have had upon the remaining co-defendants.

5. *United States v. Altomare* was a companion case in which this Court specifically held that: (1) the office of the prosecuting attorney was an "enterprise" under the statute, and (2) that there was a sufficient nexus with interstate commerce to come within the purview of the RICO Act. *See also United States v. Baker*, 617 F.2d 1060 (4th Cir. 1980) (county sheriff's office is an enterprise under RICO); *United States v. Grzywacz*, 603 F.2d 682 (7th Cir. 1979), and *United States v. Brown*, 555 F.2d 407 (5th Cir. 1977) (city police departments were enterprises under RICO).

Karas also challenges the admission of monies seized by federal agents in January 1979 from the business premises of Karas and four other alleged coconspirators. He claims the evidence is irrelevant because some monies were seized from unindicted persons and because there was no connection shown between the monies and the alleged gambling and bribery activities. Counsel claims that the jury's reaction to the large amounts of cash would adversely affect their ability to impartially evaluate such evidence and is therefore prejudicial.

■ The monies in question were seized from the establishments in which gambling had been observed and whose owners were purportedly members of the conspiracy to which Karas belonged. The trial judge admitted this evidence to show the source of the monthly $1500 bribe to county law enforcement officials. We do not believe that the seized monies were either so unrelated to the alleged conspiracy or so prejudicial to the appellant as to outweigh their obvious relevancy to the issues at trial.

Karas' final argument presents a somewhat novel approach concerning the breadth of a grant of immunity. Karas had been granted immunity by the government to testify at a previous trial of one of the coconspirators. Although he never testified at the trial, there was a stipulation as to his testimony. Before testifying at his own trial, Karas sought a preliminary ruling that the grant of immunity was still in effect. The government argued that the grant of immunity was restricted to the earlier case and only precluded questioning Karas about this prior stipulated testimony. During oral argument to this Court, Karas' counsel stated that he sought the preliminary ruling in order to prevent Karas' testimony from being used in subsequent criminal proceedings. Counsel contends that the denial of immunity in the present proceeding impairs Karas' right to present a defense as in *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

■ The decision to grant immunity is within the sole discretion of the prosecution. *Thompson v. Garrison*, 516 F.2d 986

(4th Cir. 1975); *In re Kilgo*, 484 F.2d 1215 (4th Cir. 1973). Thus, the district court has no authority to confer immunity *sua sponte*. *United States v. Klauber*, 611 F.2d 512 (4th Cir. 1979); *In re Kilgo, supra*. Since immunity is granted as a substitute for a person's Fifth Amendment rights, the refusal to grant immunity permits the defendant to exercise his usual rights under the Constitution. Every defendant must decide whether or not to testify. Karas cannot extend his Fifth Amendment rights, via an earlier grant of immunity as a witness, to protect his testimony as a defendant in subsequent judicial proceedings *ad infinitum*.

■ Karas' reliance on *Washington v. Texas* is misplaced. In *Washington*, a state statute allowed a co-defendant to testify for the prosecution but not for the defendant. This case does not deal with the issue of testimony being made unavailable since it was Karas' choice not to take the stand. The district court correctly recognized that the defendant had no right to a grant of immunity and properly refused to extend the earlier grant to the present proceedings.

### III. Pecora's Assignments of Error

Appellant Pecora also alleges two other grounds as error: (1) that the government's closing argument was improper and prejudicial; and (2) that he was prejudiced by the trial court's refusal to excise part of the indictment.

During the trial, the district judge had ruled that certain evidence alleging Pecora's involvement with slot machines was inadmissible. In his closing argument, defense counsel reminded the jury that the government had promised, in its opening statement, to prove that Pecora had slot machines, but instead no such evidence had been put before the jury regarding this allegation. In rebuttal, the Assistant United States Attorney stated that the trial court had prevented the government from presenting any evidence of the slot machines, but that in any event such evidence was not needed for a conviction because other testimony established three acts of bribery by Pecora. Shortly after this re-

buttal, defense counsel moved for a mistrial. The trial judge denied the motion and indicated he would cure any problem of prejudice by giving appropriate instructions during his charge to the jury, which he later did.[6]

■ Pecora argues that the remarks made during rebuttal were not harmless under the test in *United States v. Leon*, 534 F.2d 667 (6th Cir. 1976), and deprived him of a fair trial. After evaluating the prosecution's statements in light of the four-prong test in *Leon*, we do not believe that Pecora was denied his due process right to a fundamentally fair trial. Although the remarks of the government attorney are not condoned by this Court, they clearly do not rise to the level of egregious misconduct which was condemned in such cases as *Miller v. Pate*, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967), and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Considering the trial judge's charge to the jury regarding what evidence it should or should not consider, such trial error, if any existed, would be harmless under the rationale of *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Pecora also asserts that he was prejudiced by the trial court's refusal to excise the allegation in the indictment that he was engaged in business of an unknown nature in addition to his vending machine company.[7] The purpose for requesting this deletion was to counter any possible influence on the jury by media allegations that Pecora had ties with organized crime.

■ The government contends that the evidence presented to the grand jury of

Pecora's gambling activities supported the allegations in the indictment. In addition, the extensive and painstaking jury selection proceedings ensured that only jurors who were unaffected by any media coverage were actually seated. We agree with the government's contentions and uphold the refusal of the trial court to delete this part of the indictment.

## IV. Conclusion

Based on consideration of the issues raised by Karas and Pecora, we find the assignments of error to be without merit and affirm their convictions. The judgment of the district court is

*AFFIRMED.*

---

**6.** Some of the cautionary instructions given by the trial court are as follows:

  The evidence in the case consists of the sworn testimony of the witnesses . . . and all exhibits received in evidence. . .

  \*   \*   \*   \*   \*   \*

  The statements and arguments of counsel are, of course, not evidence in the case, unless made as an admission or stipulation of fact.

  \*   \*   \*   \*   \*   \*

  Any evidence as to which an objection was sustained by the court, and any evidence or-

dered stricken by the court, must be entirely disregarded, or considered only for the limited purposes for which the evidence was admitted.

**7.** The challenged portion of the indictment relating to Pecora read as follows:

  Joseph Nicholas Pecora resided in Hancock County, West Virginia, was an owner/operator of J & Z Vending, and was engaged in other business unknown to the Grand Jury. Defense counsel sought deletion of the above underlined portion of the indictment.