UNITED STATES of America, Appellee,

v.

Raymond Bernard WEATHERLESS, Appellant.

No. 82–5156.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1984.

Decided May 14, 1984.

Paul W. Spence, Asst. Federal Public Defender, Baltimore, Md. (Fred Warren Bennett, Federal Public Defender, Richard Bardos, Paralegal, Baltimore, Md., Joseph Glass, Towson, Md., on brief), for appellant.

David B. Irwin, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Robert B. Green, Asst. U.S. Atty., Robert W. Ferguson, Sp. Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before HALL and MURNAGHAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

MURNAGHAN, Circuit Judge:

Raymond B. Weatherless was charged in a three count indictment in the United States District Court for the District of Maryland with: 1) rape in the special maritime and territorial jurisdiction of the United States (18 U.S.C. § 2031); 2) assault with intent to rape (18 U.S.C. § 113(a)); and 3) assault by striking, beating, or wounding (18 U.S.C. § 113(d)). Following a jury trial and verdicts of guilty on all three counts, Judge Norman P. Ramsey, who presided at the trial, imposed a sentence of fifteen years under Count One, fifteen years under Count Two, and six months, together with a $500 fine, under Count Three, all sentences to run concurrently.

Upon appeal, the Government has conceded that, under the facts and circumstances of the case, should we affirm the conviction and sentence under Count One, Counts Two and Three should merge into Count One. Accordingly, applying *United States v. Amos,* 566 F.2d 899, 901 (4th Cir.1977) (Court of Appeals is to vacate duplicitous sentences, thereby avoiding a needless remand for resentencing), we vacate the sentences for assault with intent to rape and for assault, inasmuch as we are satisfied that the conviction and sentence for rape under Count One should not be disturbed.

■ The evidence introduced at trial amply supported a factual determination that Weatherless, an employee at the Fort Washington National Park in Maryland, raped a seventeen-year-old summer worker on June 2, 1981. Early that morning, the victim was working alone in an office-trailer facility. Weatherless had known her for about two months and, although he was married to someone else, had proffered invitations for dates to her, which she had declined. He entered the office-trailer, carried her by force to the restroom,[1] pulled down her pants, and raped her. Her testimony was that, while Weatherless never struck her and did not carry a weapon, she stopped crying out in self-defense because of her fear that he was going to hit her. She explicitly testified that the sexual act was committed without her consent.

On the evening of June 2, 1981, she first claimed to have been raped when she told her boyfriend of the event. She reported the incident to her supervisor the next day, and an interview with Federal Park Police soon ensued. A physical examination on June 8, 1981 revealed no bruises, scars, or other signs of physical injury.

There was testimony of other witnesses verifying the victim's isolation in the office-trailer on the morning of June 2, 1981. Moreover, one of her female co-workers testified to "fresh remarks" made by Weatherless on other occasions, and to the agitated state displayed by the victim on the morning of June 2, 1981. The co-worker also recalled the victim's relation to her

---

1. The restroom was available for use by other employees, but as matters happened none entered during the course of the events here relevant.

on June 3, 1981 of what had happened on June 2, 1981.

Taking the stand in his own defense, Weatherless denied that any of his remarks to the co-worker constituted sexual advances. He further testified that the prosecutrix had promised him sexual relationships on a number of occasions, and that she voluntarily engaged in intercourse with him in the office-trailer on June 2, 1981.[2] Thus, the case ultimately turned primarily upon a credibility call between the prosecutrix and the accused, with the evidence sufficient to support either version.

Normally the case would occasion little comment, for under *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942) and *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (reviewing court is to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found guilt beyond a reasonable doubt), the evidence was ample to sustain the conviction. A finding that the prosecutrix' testimony was credible would suffice. *Cf. Rusk v. Maryland*, 729 F.2d 1454 (4th Cir.1984) (per curiam) (applying *Jackson*, the Court found that the victim's "concededly ambivalent" testimony sufficed to sustain the conviction). We must turn, therefore, to the assertion made by Weatherless that there were interrelated errors committed in the course of the trial.

▮ In one important respect, there is no reasonable room for doubt that an impropriety did occur. In closing statements to the jury the prosecutor said:

Anything I say though I don't want you to take as an affront to [defense counsel]. They are doing their job. And, under the evidence of this case it is clear that what their job is is to represent this rapist. (Objection sustained)....

[Defense counsel] talks about his client's testimony for four minutes, because he knows what everybody in this courtroom knows from the evidence, that his client is a liar....

[Defense counsel] saw and the defendant saw [the prosecutrix] testify here on Monday afternoon, and you know, the United States knows, everybody realizes who would believe that something happened to her on that June 2nd and they can't win, they can't get a not guilty verdict by maintaining the story on June 4th that he didn't touch her and they knew it. So, the defendant got up there and lied to you. And everybody knows it. And they can't even get up .... (Objection sustained).

He is a looser [sic]....

He is a looser [sic]....

He is a looser [sic]....

He is a looser [sic]. He couldn't even ejaculate. He has problems. He is a sick man. (Objection sustained).

Those remarks were well beneath the standard which a prosecutor should observe, and it does not lessen their impact that counsel who was responsible had the grace on appeal to acknowledge his error. Since any of us may occasionally err, it was understandable that he did so, and it is to his credit that he has confessed his mistake. Yet the consideration before us is not an assessment of the prosecutor's character viewed as a whole, but whether the remarks operated to prejudice Weatherless and deny him a fair trial.

Nevertheless, it is pertinent to observe that, at the time the remarks were made, no motion for a mistrial was made on behalf of Weatherless. The district judge denied a motion for a new trial based on those comments made during closing argu-

**2.** Weatherless' statements were impeached by the fact that he had previously represented both orally and in a signed statement to the Park Police that he had never had intercourse with the prosecutrix. He later asserted that his initial denial proceeded from his concerns about possible adverse consequences for his job, by the fact that he was a family man, and by reason of his church affiliation.

Also, Weatherless took the position that he was concerned over the possibility of prosecution for statutory rape (a groundless concern because the victim was over the age of fourteen, *see* Md.Ann.Code art. 27, § 461 *et seq.*).

ment.[3] Upon review of the entire trial record, we are satisfied that the misconduct was not so egregious as to render ineffectual the type of curative measures employed by Judge Ramsey. *See United States v. Karas,* 624 F.2d 500, 506 (4th Cir.1980), *cert. denied,* 449 U.S. 1078, 101 S.Ct. 857, 66 L.Ed.2d 800 (1980) (no denial of a fair trial found, absent a showing of "egregious misconduct" on the part of the prosecutor); and *United States v. Leon,* 534 F.2d 667, 679 (6th Cir.1976) (impact of prosecutor's remarks is to be determined by considering the tendency of such remarks to mislead the jury, whether the remarks are isolated or extensive, whether the remarks were deliberate or accidental, and the strength of the case against the accused).

In the circumstances, Judge Ramsey's denial of the new trial motion did not constitute an abuse of discretion; consequently, the decision of the district court should be affirmed. *See United States v. Elmore,* 423 F.2d 775, 781–82 (4th Cir.1970), *cert. denied,* 400 U.S. 825, 91 S.Ct. 49, 27 L.Ed.2d 54 (1970) (Court disapproves of prosecutor's insinuations calculated to mislead the jury, but finds no prejudice since remarks were isolated and trial judge gave curative instructions); and *United States v. Kirkland,* 637 F.2d 654, 656 (9th Cir. 1980) (even though the prosecutor made the clearly improper statement that the defendant was "guilty as sin," a mistrial was properly denied since the trial judge admonished the jury and evidence against the defendant was strong, direct, and corroborated).

---

**3.** Counsel for Weatherless candidly admitted at the hearing on the motion for a new trial that the decision was made not to move for a mistrial as a matter of strategy, since he was willing to take the case to the jury at that point. There may, of course, be cases in which the inappropriateness of a prosecutor's remarks may be so great that nothing which the trial judge might do of a curative nature would suffice. Conceivably, there may be cases in which the further prejudice resulting from a motion for mistrial or for curative instructions would only aggravate the situation. Nevertheless, such was not here the case. While not moving for a mistrial, counsel for Weatherless objected repeatedly, and time and again Judge Ramsey sustained the objections. Judge Ramsey further advised the jury that "[s]tatements, answers, arguments of counsel are not evidence and you should not consider them as evidence."