898 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward PATTERSON a/k/a Charles Lacy, Defendant-Appellant.
 No. 89-5539.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 13, 1989.
Decided: March 1, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-88-207-2)
 John G. Hackney, Jr., Charleston, W.V., for appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles E. Patterson appeals from his conviction on one count of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He challenges his conviction on several grounds. After reviewing the record, we find those grounds without merit, and we affirm.[1]
 
 
 2
 * In April 1988, the Charleston Police Department was using a confidential informant named Charles Yancy in an undercover narcotics investigation. The government's evidence at trial showed that on April 27, 1988, Yancy was given $50 by law enforcement officials for the purpose of purchasing cocaine. Yancy drove to downtown Charleston where, as pre-arranged, he met Martha "Mont" Mitchell. Yancy was wearing a recording device at the time. He and Mitchell discussed the purchase of cocaine and then Mitchell went inside a bar to find someone who could provide the cocaine. Mitchell came out of the bar with Patterson. Yancy told Patterson he wanted to buy a half gram of cocaine for $50 and Patterson said he could get the cocaine.
 
 
 3
 Yancy, Mitchell and Patterson then drove to an apartment complex in Charleston where Yancy gave Patterson $50. Patterson went into the apartment complex and returned with a package containing a substance that was later identified as crack cocaine. Yancy then drove Mitchell and Patterson away from the apartment and dropped them off at different locations. During the drive, Patterson told Yancy to meet him the next day to buy an additional ounce of cocaine.
 
 
 4
 At trial, Patterson used an entrapment defense. He contended that as an habitual user of cocaine, he was particularly susceptible to Yancy's proposition. To this end, Patterson admitted buying the cocaine and giving it to Yancy. He denied receiving any money for the buy, instead receiving only a portion of the cocaine. Patterson was convicted by a jury of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and sentenced to fourteen months in prison and four years of supervised release. He appeals.
 
 II
 
 5
 On appeal, Patterson contends that the government violated his right to due process of law when the prosecutor refused to extend immunity to Martha Mitchell. In the same vein, he contends that the district court should have extended the immunity that the prosecutor refused to extend. We disagree with both of these contentions and address them in order.
 
 
 6
 At the outset, we note that a federal prosecutor's authority to grant immunity to a witness is governed by statute. 18 U.S.C. Secs. 6002, 6003. The recognized rule is that the immunity statute does not obligate the government to grant immunity to a defendant's witnesses, United States v. Klauber, 611 F.2d 512 (4th Cir.1979),[2] but "provides considerable discretion to the prosecutor, who is permitted to request immunity when 'in his judgment' it is 'necessary to the public interest.' " United States v. Hooks, 848 F.2d 785, 798 (7th Cir.1988).[3] The rule in this Circuit is that the prosecution will be required to confer immunity when the defendant makes a decisive showing of prosecutorial misconduct and the evidence supplied would be clearly material, exculpatory and unavailable from any other source. United States v. Gravely, 840 F.2d 1156 (4th Cir.1988), citing United States v. Tindle, 808 F.2d 319 (4th Cir.1986). With these basic principles in mind, we turn to the facts before us.
 
 
 7
 Relying on her Fifth Amendment privilege against self-incrimination, Mitchell did not testify and did not appear in court even though she had been subpoenaed by the defense. Patterson argues that Mitchell refused to testify because she did not have immunity and that the government's sole reason for refusing that immunity was to prevent Mitchell from testifying to events that would have supported his version of the facts: i.e., he contends that Mitchell would have testified that Yancy singled Patterson out as the person from whom he wanted Mitchell to buy cocaine, Yancy gave Patterson cocaine as payment for making the buy, and Patterson was an habitual user of cocaine. Patterson argues that Mitchell's testimony was critical to his entrapment defense. We are not persuaded.
 
 
 8
 Patterson does not allege that the government engaged in any threats, warnings, prosecutorial intimidation or other improper conduct to prevent Mitchell from testifying and we find no evidence of such improper conduct. That being the case, and in view of the fact that Mitchell's testimony would have done nothing more than possibly corroborate his own, we find Patterson's allegations that he was denied a fair trial because the prosecutor refused to extend immunity to Mitchell without merit.
 
 
 9
 Patterson also argues that the district court erred in refusing to extend immunity to Mitchell when the government refused to do so. This argument is also without merit. The statute places the responsibility of initiating immunity on the United States Attorney, who can act only after receiving approval from the Attorney General, his deputy or an assistant. Thompson v. Garrison, 516 F.2d 986 (4th Cir.1975). The decision to grant immunity is within the sole discretion of the prosecution and the district court has no authority to confer immunity sua sponte. United States v. Karas, 624 F.2d 500 (4th Cir.1980), cert. denied, 449 U.S. 1078 (1981); United States v. Klauber, 611 F.2d 512 (4th Cir.1979), cert. denied, 446 U.S. 908 (1980). Instead, absent prosecutorial misconduct, the function of the district court is limited to determining whether the government's request for immunity complies with the statutory procedure. In re Kilgo, 484 F.2d 1215 (4th Cir.1973). Under the facts of this case, the district court did not err in refusing to grant immunity to Mitchell.
 
 III
 
 10
 Patterson's remaining contentions can be disposed of with little discussion because they have no merit. He contends that the court erred in refusing to grant a recess to secure the appearance of Mitchell, in striking the testimony of an expert witness for the defense as irrelevant, in allowing the government to introduce a certain tape recording into evidence, and in denying his motion to prohibit references to an alias used by him. Each of these rulings was within the discretion of the trial court and, after reviewing the record, we conclude that the court did not abuse that discretion. Accordingly, there being no reversible error, the judgment is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Upon the appellant's motion and with no opposition from the appellee, this case was submitted on the briefs without oral argument
 
 
 [2]
 See also United States v. Heldt, 668 F.2d 1238 (D.C.Cir.1981) (and cases cited therein), cert. denied sub nom. Hubbard v. United States, 456 U.S. 926 (1982)
 
 
 [3]
 This Court recognized the discretion of the prosecutor with regard to grants of immunity in In re Kilgo, 484 F.2d 1215, 1222 (4th Cir.1973)