14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Mark STRICKLAND, Defendant-Appellant.
 No. 93-5058.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 17, 1993.
Decided Jan. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-82)
 Farris A. Duncan, Goldsboro, NC, for appellant.
 James R. Dedrick, U.S. Atty., John Howarth Bennett, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William Mark Strickland appeals his conviction of armed bank robbery in violation of 18 U.S.C.A. Sec. 2113 (West 1984 & Supp.1993), and his related firearm conviction under 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1993). He contends that the district court abused its discretion in denying his motion for mistrial based upon the prosecutor's comment on the evidence. We affirm.
 
 
 2
 Shortly before 5:00 p.m. on December 23, 1987, a medium built caucasian man, wearing long-sleeved brown coveralls robbed the Branch Banking and Trust Company in Micro, North Carolina. He wore a dark ski mask over his face and a thin nylon-like material covering his mouth. He carried a gun in his left hand and did not wear gloves.
 
 
 3
 Lillie Mae Hall testified that during December 1987, Strickland rented a room in the Halls' house. On December 23, 1987, Strickland arrived at the house between 5:15 and 5:45 p.m, wearing long-sleeved brown coveralls. He went into his room and returned about five minutes later carrying a plastic garbage bag containing a lot of money. Strickland told her he found it at the trash pile.
 
 
 4
 Walton Hall testified that Strickland borrowed a handgun from him a few days before December 23, 1987. He identified government's exhibit five as the gun he loaned Strickland. A teller identified the black revolver as similar to the handgun carried by the robber.
 
 
 5
 Hall further testified that on the 23rd, he arrived at his home between 5:00 and 6:00 p.m. Strickland arrived after Hall, carrying a white plastic trash bag containing money. Hall later looked into Strickland's room and saw the money piled on the bed. Strickland told Hall that he had robbed the bank. Soon after the 23rd, Strickland returned the gun he had borrowed and also gave Hall $800.
 
 
 6
 In February 1992, Hall was questioned by the Federal Bureau of Investigation in connection with the robbery. He agreed to wear a tape recorder and visit Strickland. The conversation between the two was taped and played for the jury. Hall stated that Strickland had offered him $5,000 to keep quiet, but he did not hear this offer on the tape.
 
 
 7
 On re-direct examination, after replaying a portion of the tape, the prosecutor stated, "Right there are the words'$5,000 up to'--Your honor, it was unintelligible from the transcript, but I think that--" The judge interrupted this statement and gave a prompt curative instruction to the jury to disregard the comment. The judge also instructed that the jury was to discern the substance of the conversation from the tape and not from the prosecutor's remark. Strickland moved for a mistrial. The court found that the comment was inadvertent, denied the motion for mistrial, and again instructed the jury to disregard the portion of the tape that was replayed and the prosecutor's comment.
 
 
 8
 We review the denial of a motion for mistrial for abuse of discretion. United States v. West, 877 F.2d 281, 287-88 (4th Cir.), cert. denied, 493 U.S. 959 (1989). Improper prosecutorial comments warrant reversal only when the remarks so infected the trial with unfairness that the resulting conviction prejudiced the defendant and denied him a fair trial. Darden v. Wainwright, 477 U.S. 168, 181 (1986); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).
 
 
 9
 To determine whether the remarks require reversal, this Court must determine (1) the degree to which the remarks have a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether, absent the remarks, competent proof established the defendant's guilt; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984). The Court must also determine whether the remarks were so egregious that a curative instruction was ineffective. United States v. Karas, 624 F.2d 500, 506 (4th Cir.1980), cert. denied, 449 U.S. 1078 (1981).
 
 
 10
 In this case, the court found that the spontaneous comment was inadvertent and not deliberately intended to divert the jury's attention. Also, it was one isolated remark, which the court cut off immediately and gave curative instructions.
 
 
 11
 In addition, absent the comment, there existed competent evidence of Strickland's guilt. Mr. Hall testified that Strickland borrowed a handgun from him similar to that used by the bank robber. Strickland returned the gun shortly after the robbery, along with a payment of $800. Mr. and Mrs. Hall testified that on the day of the robbery, Strickland's attire matched the tellers' description of the clothing worn by the robber. Also on that day, shortly after the robbery, the Halls saw Strickland carrying a bag containing a lot of money. Hall testified that Strickland admitted that he robbed the bank. Also, the transcript of the recorded conversation contains statements implicating Strickland in the robbery. We find there was sufficient competent proof of Strickland's guilt, absent the reference to the alleged offer of $5000.
 
 
 12
 Further, on two separate occasions, the court gave curative instructions to the jury to disregard the prosecutor's comment that language on the tape referred to the offer of money. We find that the comment was not so egregious to require a mistrial, and the instructions were sufficient to remedy the taint caused by the remarks. See Harrison, 716 F.2d at 1052-53; Karas, 624 F.2d at 506.
 
 
 13
 We find that the district court's denial of Strickland's motion for a mistrial was not an abuse of discretion, and therefore affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED