23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald A. WILLIAMS, Defendant-Appellant.
 No. 93-5718.
 United States Court of Appeals, Fourth Circuit.
 April 26, 1994.
May 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-93-158-A).
 Gregory B. English, JACOBOVITZ, ENGLISH & SMITH, Alexandria, Virginia, for appellant.
 Helen F. Fahey, U.S. Atty., Beverly A. Lewis, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Reginald A. Williams was convicted of impeding a correctional officer in the performance of his official duties in violation of D.C.Code Ann. Sec. 22-505(a) (1981) while he was an inmate at Lorton Reformatory. Williams appeals his conviction on the grounds of insufficient evidence and prosecutorial misconduct. He also appeals his sentence of twenty-one months, alleging that the district court erred in enhancing his sentence for conduct resulting in physical contact, and in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Secs. 2A2.4(b)(1), 3E1.1 (Nov.1992). We affirm.
 
 
 2
 The incident which gave rise to Williams' conviction occurred when he was being escorted, in restraints, from the Lorton Control Center by Correctional Officer Hall. Williams disregarded Hall's directions, pulled away, and entered a conference room opening off the Control Center where an attorney, Laura Rose, was conferring with another inmate. After speaking to the attorney, getting some cigarettes from her, and disregarding Hall's order to leave, Williams either fell onto the attorney (his version of events) or deliberately grabbed her (Hall's and the attorney's version). Several other correctional officers were called to assist Hall in subduing Williams.
 
 
 3
 Williams was initially charged with (1)assaulting a correctional officer (Count One),* (2)assaulting Rose with intent to do bodily harm (Count Two), and (3)abusive sexual conduct with Rose (Count Three). After hearing the government's case, the district court found no evidence that Williams had assaulted Officer Hall; the indictment was redacted to delete the assault charge on Count One, leaving the lesser offenses. Williams was acquitted of Counts Two and Three, but convicted of impeding Officer Hall.
 
 
 4
 Prior to trial, defense counsel sought leave to use the restraint worn by Williams during the incident as an exhibit, and informed the district court that Williams' defense was "physical impossibility." However, he did not make the physical impossibility argument during the trial, and instead portrayed the incident as an accident. In closing rebuttal, the government attorney erroneously stated that defense counsel had said in his opening argument that Williams' defense would be "factual impossibility." In response to defense counsel's objection, the district court instructed the jurors that they should rely on their own recollection of the evidence. It subsequently again cautioned the jury that they should depend on their recollection of the evidence rather than the statements of the attorneys. Williams contends on appeal that reversal is required because he would have been acquitted on Count One except for the prosecutor's "inflammatory remark."
 
 
 5
 Improper prosecutorial comments require reversal of a conviction if the effect is so damaging as to be a denial of due process. United States v. Weatherless, 734 F.2d 179, 182 (4th Cir.), cert. denied, 469 U.S. 1088 (1984). Three factors are relevant in assessing the harmfulness of questioned remarks: (1) whether the remarks were pronounced and persistent; (2) the strength of the properly admitted evidence against the defendant; and (3) the curative actions taken by the district court. United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988).
 
 
 6
 In this case, the government attorney made one inaccurate statement in closing argument concerning Williams' defense theory. The district court gave an immediate curative instruction and after closing arguments again instructed the jury that the attorneys' statements were not evidence. The evidence that Williams impeded Officer Hall was strong. Consequently, if Williams was prejudiced by the prosecutor's remark, the effect was slight, and reversal is not required.
 
 
 7
 A conviction must be sustained if, taking the view most favorable to the government, there is evidence on which a rational fact-finder could have found the defendant guilty. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Although Williams contends that there was no evidence he impeded or interfered with Hall, his argument overlooks Hall's testimony that Williams repeatedly ignored Hall's orders to leave the Control Center and the conference room. Williams' own testimony omitted any reference to this, but the jury clearly chose to believe Hall. The credibility of witnesses is not susceptible to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). We find that the evidence was sufficient to sustain Williams' conviction.
 
 
 8
 Williams takes exception to the district court's decision, during the sentencing proceeding, to enhance his base offense level for conduct which resulted in physical contact. U.S.S.G. Sec. 2A2.4(b)(1). He argued at sentencing that the probation officer's recitation of the facts in the presentence report was inaccurate, and that his only contact with the correctional officers occurred when Hall pulled on his belly chain, causing him to fall, and when the officers pulled him to his feet because he was unable to rise without assistance. The court found, however, that Williams had scuffled with the officers when they attempted to restrain him, and that the enhancement was proper for that reason. We review the district court's factual determination under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Officer Hall and another officer who came to his assistance testified at trial that Williams had to be forced to let go of Rose, and Rose testified similarly. On this evidence, we cannot find that the district court clearly erred in finding that Williams' conduct resulted in physical contact with the officers.
 
 
 9
 Last, Williams contests the court's refusal to award him a reduction for acceptance of responsibility, U.S.S.G. Sec. 3E1.1, arguing that the court penalized him for not admitting to an assault on Hall or Rose, because he admitted in his interview with the probation officer that he did not obey the orders of the guards. The district court has great discretion in applying this adjustment; its determination is a factual one which is also reviewed for clear error. United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991). Although the district court did not explain the basis for its decision, as is usually necessary, see United States v. Morgan, 942 F.2d 243, 245 (4th Cir.1991), it is apparent here that the district court did not clearly err. Williams maintained his complete innocence at trial, and only afterward admitted that he failed to follow orders. A defendant who goes to trial denying his factual guilt is not eligible for the acceptance of responsibility adjustment. U.S.S.G. Sec. 3E1.1, comment. (n.2).
 
 
 10
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 District of Columbia Code Ann. Sec. 22-505(a) prohibits assaulting, resisting, opposing, impeding, intimidating, or interfering with a correctional officer