**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4358

PEARLIN M. GRANNUM,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4359

DERRICK STOKES,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-96-258-DKC)

Submitted: July 14, 1998

Decided: August 4, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Chirag V. Patel, Baltimore, Maryland; Arcangelo M. Tuminelli, Baltimore, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Stuart A. Berman, Assistant United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Derrick Stokes of various drug, drug-related, and money laundering offenses. The jury convicted Pearlin Marie Grannum of various money laundering offenses. On appeal, Stokes alleges that the district court erred: (1) by enhancing his base offense level for possession of a firearm pursuant to USSG § 2D1.1;[1] (2) in its calculation of the amount of drugs attributable to him; (3) by admitting a handgun into evidence; (4) by denying his motions for a continuance and withdrawal of counsel; and (5) by refusing to force the Government to grant immunity to one of his witnesses. [2] Grannum alleges that the district court erred by denying her motion for a severance from Stokes's case and her request for a bench trial. Stokes has filed motions requesting permission to submit a pro se supplemental brief and an extension of time in which to file a reply brief. Although we grant Stokes's motions, we find no reversible error and affirm.

The evidence presented at trial showed that Stokes distributed her-

_____

[1] **U.S. Sentencing Guidelines Manual** (1995).
[2] Stokes's second, third, and fourth allegations are raised pursuant to Anders v. California, 386 U.S. 738 (1967). Stokes's fifth claim is raised in his pro se supplemental brief.

2

oin. He and Grannum laundered the proceeds from his drug activity through their personal bank account and through Grannum's business account.**3** Stokes's activities were discovered after one of his customers ("Saunders") began selling heroin to an undercover DEA agent.

During a search of the boutique and Appellants' apartment, agents seized a loaded handgun, which was found in a box in the office of the boutique wrapped in Appellants' daughter's receiving blanket. Agents also found a holster for the weapon under Appellants' bed. Stokes alleges that the evidence was insufficient to support the district court's enhancement for possession of a firearm. We disagree. The Government need only prove that the enhancement is applicable by a preponderance of the evidence, and the district court's factual determinations must be upheld unless they are clearly erroneous. See United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir. 1989). In addition, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3).

In the present case, we find that the record supports the district court's determination that Stokes' drug sentence should be enhanced. Stokes and Grannum were the only employees of the boutique and, therefore, the only ones with access to the office where the weapon was discovered. In addition, Grannum testified that when she confronted Stokes about the holster under their bed, he suggested that he kept a firearm somewhere other than in their apartment. Finally, Saunders testified that heroin dealers, including himself, usually carried weapons because of the large amounts of cash involved. Accordingly, we find that the district court properly found that it was not clearly improbable that the firearm was available for Stokes's use in connection with his drug trade if needed.

_____

**3** Stokes and Grannum lived together, and Grannum owned a small boutique. Investigators discovered, however, that the boutique was merely a front for laundering drug proceeds. It was open for irregular hours, generated few sales, and had virtually no inventory; yet Stokes, who had no visible means of support, and Grannum deposited large amounts of cash into the business's bank account.

We review the district court's factual determination concerning the amount of drugs attributable to Stokes for clear error and find none here. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, 117 S. Ct. 358 (1996). As a member of a conspiracy, Stokes was accountable for all of the drugs reasonably foreseeable to him. See id.; United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993). The record shows that Stokes provided nearly pure heroin to Saunders on numerous occasions. Saunders also testified that Stokes told him he could "cut," or dilute, the heroin three to four times before selling it in street-level quantities. Since it was clearly foreseeable to Stokes that the heroin would be diluted, the district court correctly concluded that he was liable for the total amount of diluted drugs sold. See United States v. Rogers, 91 F.3d 1388, 1394 (10th Cir. 1996), cert. denied, 117 S. Ct. 1000 (1997) . Stokes's conclusory allegations concerning the proper amount of drugs attributable to him fail to dispute these findings. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (defendant bears the burden of showing that the information in the presentence report is inaccurate; mere objections are insufficient).

Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion, and we find no such abuse here. See United States v. Van Metre, 1998 WL 384829, at *8 (4th Cir. July 10, 1998); United States v. Hassan El , 5 F.3d 726, 731 (4th Cir. 1993). Stokes does not argue that the firearm was per se inadmissible. Rather, he alleges that its probative value was substantially outweighed by the danger of unfair prejudice and, therefore, it was inadmissible under Rule 403 of the Federal Rules of Evidence. However, Stokes does not state exactly how he was unfairly prejudiced by the admission of this evidence, and our review of the record does not disclose any basis for this claim.

Four days before trial, Stokes requested that court-appointed counsel be allowed to withdraw, retained counsel substituted, and a continuance granted so that retained counsel, who was not present in the courtroom, could prepare for the case. We review the district court's denial of Stokes's motions for an abuse of discretion and find none here. See United States v. Johnson, 114 F.3d 435, 442 (4th Cir.), cert. denied, 118 S. Ct. 257 (1997) . The record shows that the trial had already been postponed twice and that Stokes had been expressing an

4

interest in retaining counsel for over six months. Stokes told the court that he did not get along with appointed counsel and did not feel that counsel was interested in representing him to the best of his ability. The court advised Stokes that he could have any attorney he wanted, but that it would not grant a continuance.**4** Applying the three factor test set forth in <u>Johnson</u>, we find that the district court conducted a detailed inquiry into the reasons behind Stokes's motions and properly found that the motions were untimely under the circumstances and that the alleged attorney-client conflict was not so great as to prevent an adequate defense. <u>See id.</u> Moreover, Stokes fails to show any prejudice from the denial of his motions.

Stokes's final allegation is that the district court erred by not forcing the Government to grant use immunity to a witness or granting such immunity <u>sua sponte</u>. We find this argument to be without merit. It is well-settled that the Government has exclusive statutory authority to grant use immunity to a potential witness. <u>See</u> 18 U.S.C. § 6003 (1994). The district court has no authority to confer immunity <u>sua sponte</u>. <u>See United States v. Karas</u>, 624 F.2d 500, 505 (4th Cir. 1980); <u>United States v. Klauber</u>, 611 F.2d 512, 517 (4th Cir. 1979). The court should only require the Government to confer immunity when the defendant makes a decisive showing of prosecutorial misconduct or overreaching and the evidence supplied would be clearly material, exculpatory, and unavailable from any other source. <u>See United States v. Tindle</u>, 808 F.2d 319, 326 (4th Cir. 1986).

We find that Stokes failed to satisfy this burden. Despite his conclusory allegation that the witness's testimony might have impugned Saunders's testimony, Stokes fails to show that the proposed testimony was clearly material, exculpatory, or unavailable from any other source. In addition, we find no prosecutorial misconduct. The Government informed the district court that while it did not plan to charge the witness with any other federal crimes, he still faced the very real possibility of prosecution by authorities in Virginia, Maryland, and the District of Columbia. As a result, we find that the district court properly found that the witness was entitled to invoke his Fifth Amendment right against self-incrimination.

_____

**4** Retained counsel never appeared at trial, and appointed counsel ably represented Stokes.

5

We review the district court's decision not to sever Grannum's case from Stokes's for a clear abuse of discretion and find none.**5** See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). The general rule is that defendants who are indicted together are tried together. See United States v. Williams, 10 F.3d 1070, 1079 (4th Cir. 1993). We find that Grannum fails to show why she is entitled to an exception from this rule. Grannum bears the burden of making a particularized showing of prejudice, and we find that she has not done so. See id. We find that Grannum's assertion that she was prejudiced by evidence of Stokes's drug dealing to be without merit because this evidence would have been presented in a separate trial to show the source of the proceeds she was accused of laundering.

We review the district court's decision denying Grannum's request for a bench trial for abuse of discretion, and we find none. See Van Metre, 1998 WL 384829, at *13. It is well-settled that a defendant does not have a constitutional right to a non-jury trial. See id. (citing Singer v. United States, 380 U.S. 24 (1965)). In the present case, Grannum did not make her request until the day of trial. Moreover, while the Government consented to her request, Stokes vigorously opposed the concept of a bifurcated trial. Grannum's primary reason for requesting a bench trial was her fear that she would be prejudiced by evidence of Stokes's drug dealing. Since the district court properly advised the jury to separate the conduct of the two defendants, we find that the greatest prejudice suffered by Grannum was that she received what the Constitution guarantees: a trial by an impartial jury.

We have examined the entire record in this case in accordance with the requirements of Anders and find, as to Stokes, no meritorious issues for appeal. The court requires that Stokes's counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Stokes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

_____

**5** Grannum joined Stokes's motion to sever counts four days before trial. However, in arguing her position on the first day of trial, Grannum modified her motion to request that the trials be severed.

6

We therefore affirm Grannum's and Stokes's convictions and sentences. Stokes's motions for permission to file a pro se supplemental brief and for an extension of time in which to file a reply brief are granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED